IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN JACOB GULLATT, III,<br><br>Plaintiff,<br><br>v.<br><br>JEFF DIRKSE, et al.,<br><br>Defendants. | CASE NO. 1:20-cv-00473-NONE-EPG<br><br>FINDINGS AND RECOMMENDATION, RECOMMENDING THAT PLAINTIFF'S COMPLAINT BE DISMISSED FOR FAILURE TO COMPLY WITH A COURT ORDER AND TO PROSECUTE<br><br>(ECF No. 1)<br><br>FOURTEEN-DAY DEADLINE |

John Jacob Gullatt, III ("Plaintiff") is a pretrial detainee or federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. The complaint, filed April 2, 2020, alleges claims against various law enforcement officers concerning searches at his residence. (ECF No. 1). On July 22, 2020, the Court screened the complaint and found that Plaintiff failed to state any claims under *Younger* abstention. (ECF No. 14). The Court granted leave to amend. On August 14, 2020, Plaintiff filed a motion for an extension of time while Plaintiff resolves his federal criminal proceedings and stated he might seek counsel. (ECF No. 15). The Court granted Plaintiff a 90-day extension of time to respond to the screening order on September 9, 2020. (ECF No. 16). That deadline expired on December 8, 2020. Plaintiff has not responded to the screening order. Therefore, the Court recommends dismissing this action, without prejudice, for failure to comply with a court order and failure to prosecute.

1

I. **PLAINTIFF'S ALLEGATIONS**

In February 2019, Plaintiff's son Jaden Gullatt's probation officer, Brooke Smith ("Smith"), exercised a probation search on Plaintiff's residence at 905 Hawthorne, Modesto, CA 95350. The searchable places in his home were his son's bedroom and common areas. Smith insisted that Plaintiff's wife ("Wife") open the Plaintiff's and her locked bedroom door so she could "clear" the area. "We" informed Smith that everyone living at the residence were in the living room. Smith threatened to kick the door down. Then Wife reluctantly opened the room, even though Plaintiff was not on any type of parole or probation. Smith placed Plaintiff in handcuffs until she left, making Plaintiff late for work.

Smith asked to whom the safes in the bedroom belonged, and Wife explained that they were hers. Smith asked Wife to open the safe. Wife refused, stating that they were not searchable, and the key to the safe was at Plaintiff's mother's residence. Smith became irate and "began threatening that we were being uncooperative," and promised that she would get into the safes with a warrant.

On April 9, 2019, Deputy Cristopher Gallo ("Gallo") and his subordinate deputy officers acting at his direction, Deputies Brock Dias, Miguel Villasenor, and Daniel Hutsell ("Dias," "Villasenor," and "Hutsell," respectively), each Stanislaus County Sheriff deputies, served a warrant at Plaintiff's residence. The warrant was to be served on Plaintiff's son Jaden Gullatt for a past arrest. Defendant Jeff Dirske is also sued as sheriff.

In the warrant application, Gallo claimed that Jaden Gullatt's probation officer had informed him that Plaintiff's 14-year-old daughter, Jayda Gullatt, informed the probation officer Smith that there were guns located in a safe in Plaintiff's room. This was not true: there were no guns there. And Plaintiff's daughter signed a sworn affidavit stating that she never spoke with any probation officer concerning that matter.

Plaintiff's room was broken into, his wife's inherited heirlooms were cut open and destroyed. Plaintiff was arrested and detained for items that his wife swore were hers and inherited from her late father.

Plaintiff complains about Smith's false statement to Gallo, the illegal search and

destruction of property, false arrest, false imprisonment, and retaliation. He seeks, among other things, the Court order "that any items found in me & my wifes room (locked safes) be inadmissible to that warrant."

## II.   PROCEDURAL BACKGROUND

The Court screened Plaintiff's complaint on July 22, 2020, and found it was subject to *Younger* abstention and granted leave to amend within thirty days. (ECF No. 14). Plaintiff filed a motion for an extension of time to respond to the screening order on August 14, 2020. (ECF No. 15). In his motion, he stated that "the state courts in the County of Stanislaus dismissed all charges for the civil rights violations I claimed." (*Id.*). He asked for additional time while his federal criminal action proceeded. (*Id.*). The Court granted his requested 90-day extension on September 9, 2020. (ECF No. 16). That extension expired on December 8, 2020. Plaintiff has not filed any response to the screening order since his motion for an extension of time.

The Court takes judicial notice of *United States v. Gullatt*, 1:19-cr-109-DAD-BAM (E.D. Cal.) ("Criminal Case").[1] In that case, Plaintiff was charged with felon in possession of a firearm. Criminal Case, ECF No. 9 (indictment). On March 2, 2020, Plaintiff pleaded guilty to felon in possession of ammunition. Criminal Case, ECF Nos. 50 (plea agreement), 52 (minutes for change of plea hearing). He was convicted and sentenced on January 21, 2021. Criminal Case, ECF No. 109. The Criminal Case is now closed.

## III.   DISCUSSION

### A.   Applicability of *Younger* Abstention

Federal courts "may not interfere with pending state criminal or civil proceedings." *Aiona v. Judiciary of State of Haw.*, 17 F.3d 1244, 1248 (9th Cir. 1994).  This doctrine, called "Younger abstention," is rooted in the "desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971) ("[T]he underlying reason for restraining courts of equity from interfering with criminal prosecutions is reinforced by an even more vital consideration, the notion of 'comity,' that is, a proper respect for state

---

[1] The Court may take judicial notice of court records. Fed. R. Evid. 201(b); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir.1980) (recognizing that under Federal Rule of Evidence 201, "a court may take judicial notice of its own records in other cases"). The Court will take judicial notice of its own records in other cases.

functions . . . ."). Thus, "[a]bsent extraordinary circumstances, interests of comity and federalism instruct federal courts to abstain from exercising our jurisdiction in certain circumstances when asked to enjoin ongoing state enforcement proceedings." *Page v. King*, 932 F.3d 898, 901 (9th Cir. 2019) (alterations, internal quotation marks and citation omitted); *accord Trump v. Vance*, No. 19-635, --- S. Ct. ----, 2020 WL 3848062, at *4 (U.S. July 9, 2020) (noting *Younger* "generally precludes federal courts from intervening in ongoing state criminal prosecutions").

"*Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations, internal quotation marks, and citation omitted).

Typically, dismissal is required for *Younger* abstention. *Aiona*, 17 F.3d at 1248 (holding when abstaining under *Younger*, "a district court must dismiss the federal action . . . [and] there is no discretion to grant injunctive relief"). But "federal courts should not dismiss actions where damages are at issue; rather, damages actions should be stayed until the state proceedings are completed." *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004).

On the other hand, "[f]ederal courts will not abstain under *Younger* in extraordinary circumstances where irreparable injury can be shown." *Page*, 932 F.3d at 902 (internal quotation marks and citation omitted).

In its screening order, the Court found that Plaintiff's complaint was subject to *Younger* abstention because he sought an injunction into ongoing state criminal proceedings. (ECF No. 14). Since then, it is possible that state-court proceedings have terminated and federal-court criminal proceedings had begun. (ECF No. 15). Therefore, it is not clear whether *Younger* abstention would apply, or what relief Plaintiff is now seeking, if any.

///

///

### B. Failure to Prosecute

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." *Id.* Plaintiff has failed to respond to the Court's screening order despite a 90-day extension of time to do so. This failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's incarceration and *in forma pauperis* status, it appears that monetary sanctions are of little use. And, given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

Having weighed the factors, the Court recommends dismissing Plaintiff's action without prejudice.

## IV.     CONCLUSION AND RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to comply with a court order and failure to prosecute this case; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.[2]  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **March 8, 2021**                    /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE

---

[2] If, instead of or in addition to objecting, Plaintiff responds to the screening order and adequately explains why he failed to timely respond to the screening order, the Court will vacate these findings and recommendations.