UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN JACOB GULLATT, III,<br><br>Plaintiff,<br><br>v.<br><br>JEFF DIRKSE, et al.,<br><br>Defendants. | Case No. 1:20-cv-00473-NONE-EPG<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 21) |

John Jacob Gullatt, III ("Plaintiff") is a pretrial detainee or federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On June 14, 2021, Plaintiff filed a motion for appointment of counsel, stating, in part, that the complexity of this case and his inability, until just recently, to access the law library warrant the Court's appointment of counsel. (ECF No. 21).

Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request that an attorney represent an indigent party in a civil case. However, the appointment of counsel is not a constitutional right, and the Court cannot require an attorney to represent a party. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998); *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). Without a reasonable method of securing and compensating counsel, the Court will seek the voluntary assistance of counsel only in the most serious and exceptional circumstances.

1

*Rand*, 113 F.3d at 1525. In determining whether exceptional circumstances exist, "a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The circumstances in this case are not exceptional. First, there is nothing to indicate a likelihood of success on the merits at this juncture. Notably, when the Court screened the complaint, it found that Plaintiff failed to state any claims under *Younger* abstention. (ECF No. 14). Although the Court gave Plaintiff leave to amend and later granted an extension to respond to the screening order, Plaintiff failed to timely respond. (ECF No. 16). Accordingly, the Court has issued findings and recommendations that this case be dismissed for failure to comply with a court order and to prosecute, which Plaintiff has received an extension of time to object to. (ECF Nos. 17, 19, 20).

Second, although Plaintiff's claims have thus far been deemed unmeritorious, Plaintiff has been able to articulate his claims in light of the complexity of the legal issues involved. Therefore, the Court declines to seek the voluntary assistance of counsel.

Accordingly, IT IS ORDERED that Plaintiff's motion for appointment of counsel (ECF No. 21) is denied.

IT IS SO ORDERED.

Dated:  **June 16, 2021**          /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE

2